OPINION
{¶ 1} Appellant Michael Aberle appeals his conviction, for one count of theft, in the Fairfield County Court of Common Pleas. The following facts give rise to this appeal.
 {¶ 2} On June 13, 2003, appellant entered the Lowe's Store in Lancaster. While in the store, Eric Wilson, who works at Lowe's in loss prevention, observed the following actions of appellant. Appellant selected two DeWalt drills and placed them inside a plastic tote. Appellant concealed the tote containing the two drills, under a shelving area, in the aisle. Appellant then selected an empty tote, did something to the side of the tote, with an object that he removed from his pocket, and placed the object back into his pocket. Appellant purchased the damaged tote and returned to the area where the tote containing the two drills was concealed.
 {¶ 3} After purchasing the damaged tote, appellant showed the cashier a cut, on the tote, and requested a new tote. Appellant exchanged the tote, with the tote containing the two drills, and attempted to exit Lowe's carrying the tote with two hands. Upon approaching Tom Grandstaff, an employee that checks customers' receipts, a scuffle ensued because appellant did not have a receipt for the drills. Appellant was subsequently detained by store employees.
 {¶ 4} On June 20, 2003, the Fairfield County Grand Jury indicted appellant for one count of felony theft. Appellant entered a plea of not guilty. On August 20, 2003, the attorney originally appointed to represent appellant withdrew. The trial court appointed new counsel to represent appellant. This matter proceeded to trial on October 28, 2003. Prior to the commencement of trial, defense counsel requested a continuance in order to complete additional trial preparation. Defense counsel explained that additional time was needed to prepare a defense. The trial court denied appellant's request.
 {¶ 5} Following deliberations, the jury found appellant guilty as charged in the indictment. On October 31, 2003, the trial court sentenced appellant to eleven months imprisonment. Appellant timely filed a notice of appeal and sets forth the following assignments of error for our consideration:
 {¶ 6} "I. The trial court committed harmful error and abused its discretion in denying the appellant's request for a continuance of the jury trial herein.
 {¶ 7} "II. The trial court committed harmful error in allowing hearsay evidence to reach the jury, over the objections of the defendant-appellant, and to taint the instant proceedings."
 I {¶ 8} Appellant contends, in his First Assignment of Error, the trial court abused its discretion when it denied his request for a continuance of the jury trial. We disagree.
 {¶ 9} On the day of trial, upon arriving at the courthouse, appellant informed his counsel that he had a defense to the charge of theft. Appellant alleged that he committed the theft offense, under duress, because drug dealers forced him to steal the merchandise in order to satisfy a debt he owed them. Appellant further alleged that unless he stole the merchandise, the drug dealers intended to physically harm him. Appellant maintains he did not inform his counsel of this defense, when counsel visited him at the jail, because he was afraid of eavesdropping. Tr. Vol. I at 6-7.
 {¶ 10} The trial court denied appellant's request for a continuance and in doing so, stated as follows:
 {¶ 11} "Given that the case was filed — excuse me — that the Defendant was arrested June 13th, 2003, the indictment filed June 20, 2003, the Defendant had previous counsel which the Court allowed to be excused at the Defendant's request. Mr. Stansbury was then appointed to represent the interests of the Defendant. The Court also finds that this would be the second time the case has been set for trial. The last time was August 26th, 2003 at 9:00 a.m., and it was continued to today.
 {¶ 12} "The Court finds that the Defense has had ample opportunity to prepare a defense for the case and the Court overrules the Defendant's motion." Tr. Vol. I at 7-8.
 {¶ 13} As to a motion for continuance, the trial court enjoys broad discretion in granting or denying a continuance. State v.Unger (1981), 67 Ohio St.2d 65, syllabus. An abuse of discretion occurs only where the trial court's attitude is unreasonable, arbitrary or unconscionable, it connotes more than an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. In Ungar v. Sarafite (1964), 376 U.S. 575, 589, the United States Supreme Court stated that, "[t]here are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied." [Citations omitted.] Id. at 589.
 {¶ 14} Thus, the standard is a balancing test which requires the trial court to consider all competing factors. These factors include: the length of the delay requested; whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel and the court; whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstances which gives rise to the request for a continuance; and other relevant factors depending on the unique facts of each case. Unger at 67-68.
 {¶ 15} As noted above, defense counsel's request for a continuance was based upon the fact that appellant believed he could not confide in counsel, at the jail, for fear of eavesdropping. We do not find the trial court abused its discretion when it denied appellant's request. Defense counsel did not indicate the length of the requested continuance. However, according to counsel, he needed sufficient time to investigate appellant's claim that he stole the two drills under duress. Appellant previously received one continuance. This matter was originally set for trial on August 26, 2003, but continued to October 28, 2003.
 {¶ 16} The request for a continuance presented an inconvenience to the trial court, witnesses and opposing counsel since appellant made the request at the start of trial. Further, since appellant had not previously informed defense counsel of his alleged defense, it would appear the reason for the requested continuance was dilatory, purposeful and contrived. Finally, appellant contributed to the circumstances that gave rise to the request for a continuance because he did not inform counsel of his alleged defense when counsel visited him at the jail.
 {¶ 17} Based upon these facts, we conclude the trial court did not abuse its discretion when it denied appellant's motion for a continuance.
 {¶ 18} Appellant's First Assignment of Error is overruled.
 II {¶ 19} In his Second Assignment of Error, appellant maintains the trial court erred when it permitted the state to introduce hearsay evidence regarding the value of the two drills. We disagree.
 {¶ 20} In order to establish that the value of the property appellant stole was greater than $500, the state introduced an estimate prepared, on behalf of Mr. Wilson, by an employee of Lowe's. At trial, the state introduced this estimate as Exhibit C. The estimate indicated the value of the two drills to be $558. Defense counsel objected to the introduction of this exhibit as hearsay. Tr. Vol. II at 209. The trial court overruled the objection finding the estimate to be a "business record" and therefore, an exception to the hearsay rule. Id.
 {¶ 21} A "business record", as defined in Evid.R. 803(6), is not excluded by the hearsay rule. A "business record" is defined as:
 {¶ 22} "(6) Records of regularly conducted activity
 {¶ 23} "A memorandum, report, record, or data compilation, in any form, of acts, events, or conditions, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness or as provided by Rule 901(B)(10), unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. The term `business' as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit."
 {¶ 24} A trial court has broad discretion to admit a business record into evidence pursuant to Evid.R. 803(6). An appellate court will not disturb a trial court's decision absent an abuse of discretion. WUPW TV-36 v. Direct Results Marketing, Inc.
(1990), 70 Ohio App.3d 710, 714. In order to find an abuse if discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. A trial court abuses its discretion when it admits a business record where the party lays an inadequate foundation to establish its admissibility in accordance with Evid.R. 803(6).
 {¶ 25} In Weis v. Weis (1947), 147 Ohio St. 416, 425-426, the Ohio Supreme Court explained that the business record exception "* * * is based on the assumption that the records, made in the regular course of business by those who have a competent knowledge of the facts recorded and a self-interest to be served through the accuracy of the entries made and kept with knowledge that they will be relied upon in a systematic conduct of such business, are accurate and trustworthy."
 {¶ 26} When laying a foundation, the testifying witness must possess a working knowledge of the specific record-keeping system that produced the document. State v. Davis (1991),62 Ohio St.3d 326, 342. "The witness whose testimony establishes the foundation for a business record need not have personal knowledge of the exact circumstances of preparation and production of the document." Evid.R. 803(6). However, the witness must demonstrate that he or she is sufficiently familiar with the operation of the business and with the circumstances of the preparation, maintenance, and retrieval of the record in order to reasonably testify on the basis of this knowledge that the record is what it purports to be, and was made in the ordinary course of business." [Citations omitted.] State v. Baker, Summit App. No. 21414, 2003-Ohio-4637, at ¶ 11.
 {¶ 27} In the case sub judice, Eric Wilson, the loss prevention manager for Lowe's, testified as follows:
 {¶ 28} "What we do in cases like this is we run an estimate sheet on any of items that we recover from a shoplifting case. And it would give us the quantity, the item number, the item description, and its actual price, and then it gives us a total dollar amount. The dollar amount indicated on here for both of these items was $558." Tr. Vol. II at 208.
 {¶ 29} Mr. Wilson further explained that the estimate was generated from Lowe's database. Id. at 244. The database contains a list of items sold at Lowe's and the price of each item. Mr. Wilson explained that an estimate sheet is prepared at the commercial sales desk. Id. at 208. "If someone was to come into the store and they were going to build a shed, they would actually have like a list of items that they would place on an estimate sheet and the estimate sheet would tell them what the total package price would be." Id.
 {¶ 30} Based upon this testimony, it is clear Mr. Wilson has a working knowledge of how an estimate is produced from Lowe's database. Further, the cost of the items sold at Lowe's is kept, in a database, as part of its regular course of business. Therefore, Mr. Wilson established a foundation for introducing Exhibit C because he is familiar with the business and with the circumstances of the preparation, maintenance and retrieval of this information. Accordingly, the trial court did not abuse its discretion when it determined the estimate was a "business record" and therefore, an exception to the hearsay rule.
 {¶ 31} Appellant's Second Assignment of Error is overruled.
 {¶ 32} For the foregoing reasons, the judgment of the Court of Common Pleas, Fairfield County, Ohio, is hereby affirmed.
Wise, J., Hoffman, P.J., and Farmer, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Fairfield County, Ohio, is affirmed.
Costs assessed to Appellant.